UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-cv-00204 |
| | ) |
| $20,000.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT OF FORFEITURE *IN REM*

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Traci M. Cosby, Assistant United States Attorney, files its Complaint of Forfeiture *in Rem* pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

## NATURE OF THE CLAIM

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881(a) and 18 U.S.C. 981(a), seeking forfeiture of the Defendant Currency based on violations of 21 U.S.C. § 801 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and to 28 U.S.C. § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions (proving that the clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888(j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Currency is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is twenty thousand in United States Currency ("$20,000.00," or "Defendant Currency").

## FACTS

6. On October 1, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("ICE HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Marion County Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Individuals who traffic controlled substances use various techniques to mask their identity, hide the proceeds of their trafficking activities, and conceal the actual location of their residences and/or stash houses. These include the following techniques. Parcel packages are

typically sent via overnight or express shipping. Traffickers use excessive external taping. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Parcel packages are often delivered to a vacant house or unknown residence, or business. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) or source cities (such as St. Louis) draw suspicions, as do parcels sent from individual to individual and from non-business sender to non-business receiver. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of a cash smuggling interdiction operation, a package being shipped by a parcel service (FedEx) with a shipping label attached reflecting a tracking number of 3973 7292 1674 ("Parcel 3973 7292 1674" or the "FedEx Package"), was identified as suspicious. Parcel 3973 7292 1674 was addressed to Quoc Diep, 9661 Garvey Avenue, Suite 112/608, South El Monte, California 91733. The recipient's address is a FedEx shipping store. The sender was identified as Courteney Slater, 331 S. Elizabeth Avenue, St. Louis, Missouri 63135. Both the sender and the recipient shared the same telephone number 314-249-5233.

9. Parcel 3973 7292 1674 drew the attention of officers and was deemed suspicious for several reasons. First, the FedEx Package was a newly bought box with extra external tape. It was sent using priority overnight delivery and was paid for by credit card. The FedEx Package

was shipped from an individual to an individual. It was shipped from a residence to a FedEx store. Parcel 3973 7292 1674 had the same telephone number for the sender and receiver. The FedEx Package was being shipped from a source city (St. Louis) to a source state (California).

10. Additionally, an IMPD certified drug detection canine indicated the odor of a controlled substance emitting from the exterior of Parcel 3973 7292 1674. ISP officers immediately applied for a search warrant to inspect the FedEx Package based on the suspicious nature of the package and the certified drug detection canine's positive indication. That same day, a Marion Superior Court judge granted the search warrant upon a finding of probable cause.

11. On October 1, 2020, task force officers executed the search warrant and opened Parcel 3973 7292 1674. The outside box was covered in extra packaging tape and inside the officers found a sealed, foil shipping bag. The foil shipping bag contained U.S. Currency. Notably, as discussed in Paragraph 7 above, this kind of multi-layered packaging method is commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance. The U.S. Currency was separated into stacks that were held together by rubber bands. *See* **Exhibit 1**.

12. Of additional concern to the task force is that it is against Federal Express shipping policy to ship cash via Federal Express. *See* FedEx Freight 100-V Rules Tariff, at 33, U.S. Section 1, Item 780, Rule 4(f), *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf.

13. After the FedEx Package was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine has been trained and certified in odor detection for marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine. Further, the certified drug detection canine is trained not to detect

uncontaminated currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the Defendant Currency possessed the threshold-controlled substance contamination.

14. As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the Defendant Currency was seized and taken into custody by ISP. Defendant Currency was converted into a cashier's check number 9143718706 and remained in the custody of ISP, pending the signing of a turnover order by a Marion Superior Court judge in Indianapolis, Marion County, Indiana.

15. On September 21, 2021, a Marion Superior Court judge issued an order transferring the Defendant Currency to the appropriate federal authority. *See* Marion Superior Court, Civil Division, Cause Number 49D01-2010-MI-035308. On October 20, 2021, the Defendant Currency was transferred from the custody of ISP to the custody of ICE HIS for further investigation and forfeiture proceedings.

16. Federal agents conducted background research on the information listed for the sender and receiver of Parcel 3973 7292 1674. It was not possible to conduct a reasonable inquiry on the receiver, Quoc Diep, as that name is too common to identify any particular individual. It was determined, however, that the sender Courteney Slater, has a criminal history that spans multiple states and involves crimes for dishonesty and drug-related convictions dating back twenty years. Most recently, Slater has a 2016 conviction in Florida for the following criminal offenses: Possession of more than 20 grams of Cannabis; Armed Sale of Cannabis; Possession of a Weapon while Committing an Offense; and Drug Paraphernalia.

## PERTINENT STATUES

17. Under 21 U.S.C. § 841(a)(1), it shall be unlawful for any person to knowingly or

intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

18.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

19.     Pursuant to 21 U.S.C. § 881(a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and/or (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

20.     Based on the factual allegation set forth above, the Defendant Currency is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States asks that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be

entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any additional relief this Court deems just and proper.

                              ZACHARY A. MYERS
                              United States Attorney

By:   */s/ Traci M. Cosby*
       Traci Marie Cosby
       Assistant United States Attorney
       Office of the United States Attorney
       10 West Market Street, Suite 2100
       Indianapolis, IN 46204-3048
       Telephone: 317-229-6333
       Fax: 371-226-5027





**EXHIBIT 1**





**EXHIBIT 1**